## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| R'KES STARLING, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>PR ADVISORS, LLC D/B/A PINNACLE REALTY ADVISORS<br><br>AND RAM PROPERTIES LLC<br><br><br>                    Defendants. | Case No.   24-991<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff R'Kes Starling ("Mr. Starling"), by his undersigned counsel, for this class action complaint against Defendants PR Advisors, LLC d/b/a Pinnacle Realty Advisors and RAM Properties LLC, as well as their present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between

'[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)."
Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting
individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations
was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal
government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry
stands out as a model of clarity. It means what it says. If a person wishes to no longer receive
telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone
solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an
abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . .
initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is
on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either
monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a
straightforward provision designed to achieve a straightforward result. Congress enacted the law
to protect against invasions of privacy that were harming people. The law empowers each person
to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply,
the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an
intrusion upon their domestic peace."  *Id*. at 649-50.

3.      Plaintiff, individually and as class representative for all others similarly situated,
brings this action against Defendants for violations of the Telephone Consumer Protection Act,
47 U.S.C. § 227 ("TCPA") for making telemarketing calls, including text messages to numbers
on the National Do Not Call Registry, including his own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendants.

## II.      PARTIES

5.   Plaintiff Starling is an individual who resides in Texas.

6.   Defendant PR Advisors, LLC d/b/a Pinnacle Realty Advisors is an administratively dissolved Texas-based real estate broker with its principal place of business in Travis County, Texas.

7.   Upon information and belief, RAM Properties LLC is the sister company for the other Pinnacle entities and is itself a Pinnacle entity. Like Pinnacle, it is a Texas-incorporated LLC with its headquarters and principal place of business in Dallas County, Texas.

## III.      JURISDICTION AND VENUE

8.   Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

9.   Personal Jurisdiction: This Court has personal jurisdiction over Defendants. The Court has general personal jurisdiction because their headquarters and principal places of business are in Texas.

10. Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all the Defendants are residents of Texas and PR Advisors "resides" in Travias County, Texas, which lies within this District.

## IV.     FACTS

**A.     The Enactment of the TCPA and its Regulations**

11.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     Unsolicited Telemarketing to Plaintiff**

16.     Plaintiff Starling is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Plaintiff Starling's telephone number, (817) XXX-XXXX, is a telephone number that is used for residential purposes.

18.     Plaintiff Starling uses the telephone number for his own personal, residential, and household needs and reasons.

19.     The number is a residential telephone line because it is assigned to a telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

20.     Plaintiff Starling's number has been on the National Do Not Call Registry for years since he registered it on the Registry in 2007, well prior to receiving the calls at issue.

21.     Despite that, Mr. Starling received at least 3 telemarketing calls and/or text messages from the same telephone numbers 351-214-9714 (at least 1 call) and 972-804-3474 (at least 2 text messages) on June 18, 2024 and June 19, 2024.

22.     The first call came from 351-214-9714 at 14:50j on June 18, 2024. The caller was an individual named "Cherry" soliciting the Plaintiff for real estate services.

23.     The Plaintiff did not ask for any additional calls or text messages.

24.     Despite this, the Plaintiff received two more text messages from the Defendants, which are reproduced below, on June 19, 2024 from 972-804-3474:



25.     Upon information and belief, the "colleague" referenced in the text message is "Cherry."

26.     None of the aforementioned Defendants are registered as telephone solicitors with the Texas Secretary of State.

27.      Because they were sent to encourage the purchase of real estate services, the text messages were telemarketing.

28.     Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

29.     A reasonable seller would investigate into the reasons why they would be sending calls and messages to numbers on the National Do Not Call Registry.

30.     Plaintiff's privacy has been violated by the above-described telemarketing calls/text messages.

31.     Plaintiff never provided his consent or requested these messages.

32.     In fact, the Plaintiff never did any business whatsoever with any of the Defendants.

33.     The aforementioned messages that were sent to the Plaintiff were unwanted.

34.     The messages were non-consensual encounters.

35.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their privacy has been violated and they were annoyed and harassed. In addition, the messages occupied their telephone storage space, rendering them unavailable for legitimate communication and other legitimate uses, including while driving, working, and performing other critical household tasks for which storage is required.

6

## V.   CLASS ACTION ALLEGATIONS

36.   <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings

this case on behalf of the Class (the "Class") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1)
> telephone numbers were on the National Do Not Call Registry for at least 31
> days, (2) but who received more than one telemarketing text message or call from
> or on behalf of a Pinnacle entity, (3) within a 12-month period, (4) at any time in
> the period that begins four years before the date of filing this Complaint to trial.

37.   Excluded from the Class are counsel, Defendants, any entities in which

Defendants have a controlling interest, Defendants' agents and employees, any judge to whom

this action is assigned, and any member of such judge's staff and immediate family.

38.   The Class, as defined above, is identifiable through telephone records and

telephone number databases.

39.   The potential members of the Class likely number at least in the hundreds because

of the *en masse* nature of telemarketing calls.

40.   Individual joinder of these persons is impracticable.

41.   Additionally, the disposition of the claims in a class action will provide

substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42.   Plaintiff is a member of the Class and will fairly and adequately represent and

protect the interests of the Class as he has no interests that conflict with any of the class

members.

43.   Plaintiff and all members of the Class have been harmed by the acts of

Defendants, including, but not limited to, the invasion of their privacy, annoyance, waste of time,

and the intrusion on their telephone that occupied it from receiving legitimate communications.

44.   This class action complaint seeks injunctive relief and money damages.

45.     There are numerous questions of law and fact common to Plaintiffs and members of the Class. These common questions of law and fact include, but are not limited to, the following:

a.      Whether Defendants systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.      whether Defendants made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls; and

c.      whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

46.     Plaintiff's claims are typical of the claims of the Class, as they arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

47.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

48.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

49.     A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendants to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

50.     Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

51.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

52.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency

purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

53.     Defendants' violations were negligent, willful, or knowing.

54.     As a result of Defendants', and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

55.     Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.     Appointment of Plaintiff as representative of the Class;

C.     Appointment of the undersigned counsel as counsel for the Class;

D.     An order enjoining Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E.     An award to Plaintiff and the Class of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just,

and proper.

## VI.              DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this August 26, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com



*Attorney for Plaintiff and the Proposed Class*