**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| R'KES STARLING, individually and behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-00991-DII |
| PR ADVISORS, LLC, D/B/A PINNACLE REALTY ADVISORS and RAM PROPERTIES, LLC, | |
| Defendants. | |

**DEFENDANT PR ADVISORS, LLC'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    Plaintiff Urges this Court to Apply Incorrect Legal Standards to the Motion.

For starters, though it cites *Twombly* and *Iqbal*, Plaintiff's Response to Pinnacle's Motion to Dismiss (Dkt. 11) posits this Court may dismiss under Rule 12(b)(6) "***only*** if 'it appears certain that the [P]laintiff cannot prove any set of facts in support of his claim that would entitle him to relief.'" Dkt. 21 at 3 (quoting *Benton*) (emphasis added)). Not so. *Benton* predates the Supreme Court's decisions in *Twombly* and *Iqbal* by two decades and, thus, is not reflective of the current standard of review under Rule 12(b)(6) this Court must apply—which mandates the pleading of non-conclusory facts supporting each essential element of his claims. *See, e.g.,* Dkt. 11 at 4-5 (collecting cases); *Linehan v. Univ. of Texas at Tyler*, 2017 WL 892119, at *1 (E.D. Tex. Mar. 7, 2017) ("A plain reading of *Twombly* indicates that the Supreme Court abrogated the 'no set of facts' standard….").[1]

Similarly, while Plaintiff contends the conclusory allegations in his Complaint "are more than sufficient to put Defendants on notice of the claim being asserted" (Dkt. 21 at 4), that is not the correct legal standard that must be applied to the Motion, either. *See, e.g., Luckett v. Allstate Indem. Co.,* 2019 WL 1447477, at *5 (S.D. Miss. Mar. 30, 2019) (After *Twombly*/*Iqbal*, "federal courts have recognized that the pleading requirements of Rule 8 have 'shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss.'") (quoting *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3rd Cir. 2009)); *St. Germain v. Howard*, 556 F.3d 261, 263, n.2 (5th Cir. 2009) ("*Twombly* jettisoned the

---

[1] Plaintiff also asserts Pinnacle and RAM Properties, LLC ("RAM") "provide no plausible counter explanation for their apparent theory … that some impostor sent the text messages" and "Defendants plead [*sic*] to no facts to contradict" the conclusory allegations in his Complaint. Dkt. 21 at 9-10, 12. Despite what he suggests, it is not a ***defendant's*** obligation to identify who placed the calls in a TCPA case, nor to "explain" a plaintiff's conclusory allegations, "plead facts," or provide evidence under Rule 12(b)(6). ***That is solely the plaintiff's responsibility***. *See, e.g., Washpon v. Progressive Corp.,* 2024 WL 874721, at *2 (W.D. Tex. Jan. 26, 2024) (To comply with *Twombly*/*Iqbal*, "'plaintiffs must still present specific facts, rather than conclusory allegations, to avoid a Rule 12(b)(6) dismissal.'") (quoting *Hoi v. Kuo-Hua,* 2023 WL 5167032, at *2 (N.D. Tex. June 27, 2023), *report and rec. adopted*, 2023 WL 5311479 (Aug. 17, 2023)). Plaintiff did not do so here.

minimum notice pleading requirement of *Conley v. Gibson*, [] and instead required that a complaint allege enough facts to state a claim that is plausible on its face.") (citations omitted). In other words, contrary to what his Response proffers, mere "notice" is no longer enough. Instead, the correct legal standard to be applied is Plaintiff must support his TCPA claim with ***well-pled facts***. He did not.

**II.    Plaintiff's Response Relies Heavily on New "Facts" Not Pled in the Complaint.**

Perhaps in tacit recognition that his Complaint lacks sufficient (or any) supporting facts, Plaintiff attempts to replead it by interjecting new "facts" in his Response and relying on them to support his primary counterargument, which is on direct TCPA liability. *See, e.g.,* Dkt. 21 at p. 1 (asserting that defendant RAM, a separate entity represented by separate counsel in this matter, is "the company owned by the agent, Ryan McLemore, that physically sent the … text messages and directed the calls at issue"); p. 4 (referring to a website not cited in the Complaint); pp. 5-6 (asserting, *inter alia*, that Mr. McLemore is a "captive real estate agent" of Pinnacle's, that he "owns" defendant RAM or that RAM "stands for Ryan A. McLemore," is "Pinnacle's agent," and is "authorized to do business under the Pinnacle brand name as the sponsoring broker," and also referring to another website not referenced in the Complaint); p. 8 (speculating the person who made the initial call, who is identified in the Complaint only as "Cherry," "is simply another 'colleague,' or co-worker, working with Defendant Pinnacle and McLemore's office, Defendant RAM"); p. 8 (asserting that "nationwide companies conducting nationwide business often call from various caller IDs and area codes" even though both the Defendants and Plaintiff are alleged in the Complaint to be located in ***Texas***); p. 9 (suggesting the subject communications had "clear indications" they originated from RAM, even though RAM was apparently never mentioned in any); p. 13 (suggesting "Defendants" expressly "admitt[ed] that they directly placed the calls at issue" to Plaintiff, which is not so).

While just as conclusory (and thus just as fatally flawed) as the allegations appearing in his

Complaint, ***none of these new "facts" were actually pled.*** As the Fifth Circuit aptly noted, "'it is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Roebuck v. Dothan Sec., Inc.,* 515 F.App'x 275, 280 (5th Cir. 2013) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)).[2] Consequently, Plaintiff's arguments on direct TCPA liability (or any others), based on these new unpled "facts," must be flatly rejected.

**III.     Plaintiff Fails to Plausibly Allege Direct Liability and Concedes Vicarious Liability.**

Considering the scant "factual" allegations he actually pled (even if taken as true), Plaintiff fares no better, and his Complaint should be dismissed for failure to allege a theory of TCPA liability.

**First**, despite the many contradictory allegations throughout his Complaint referring to ***various unidentified third party*** "affiliates, agents, and/or other persons or entities acting on Defendants' behalf" (and the like) has having placed the subject calls, as the Motion discusses (*see* Dkt. 11 at 11-12 (citing Dkt. 1 at p. 1 and *id.*, ¶¶ 4, 36, 50, 52, 54-55)), Plaintiff ignores and does not reconcile these allegations in his Response. Instead, he focuses only direct TCPA liability (*see* Dkt 21 at 3-14); but he does not address Pinnacle's arguments on how these contradictory allegations make his direct liability theory inherently implausible (*see* Dkt. 11 at 11-12), and does not address Pinnacle's arguments on vicarious TCPA liability (*id.* at 14-15[3]). By not addressing these points in his Response, Plaintiff has conceded them. *See, e.g., Kellam v. Metrocare Servs.,* 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd*, 560 F.App'x 360 (5th Cir. 2014) ("Generally, the

---

[2] *See also Hunsinger v. Dynata LLC*, 2023 WL 2377481, at *6, n.6 (N.D. Tex. Feb. 7, 2023), *report and rec. adopted*, 2023 WL 2386710 (Mar. 4, 2023) (TCPA decision, noting that "responses to a Motion to Dismiss are not considered as part of the pleadings and the Court thus does not consider this alleged fact in its analysis," and dismissing on the same grounds as in Pinnacle's Motion).

[3] Though he concedes he is only asserting a direct liability theory (*see* Dkt. 21 at 1), Plaintiff's Response refers to third party "agents" (*id.* at 1, 7-9). Plaintiff is conflating the standards for pleading direct TCPA liability, which requires that he plausibly allege Pinnacle itself (or RAM itself, but not a third party) "physically" called or texted him directly, with the standards for pleading vicarious TCPA liability, which requires pleading "control" over the agent and his/her telemarketing campaign. *See* Dkt. 11 at 7-9 and 14-15. There are no such allegations of "control".

failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)).

**Second**, Plaintiff suggests that he need only plead "sufficient facts to demonstrate the Defendants' involvement at the pleadings stage" to avoid dismissal on direct TCPA liability grounds. Dkt. 21 at 12. Not so. Mere alleged "involvement" in a call or text cannot state a plausible direct TCPA liability claim under Rule 12(b)(6)—which, as a matter of well-settled law, requires that Plaintiff allege with specific non-conclusory supporting facts which of the "Defendants" literally ***physically*** placed ***each*** of the communications at issue directly to him. *See* Dkt. 11 at 7-14 (collecting cases). *See also In re Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013) ("merely having some role, however minor, in the causal chain that results in the making of a telephone call" is insufficient for direct liability). Parroting case law and concluding either of the Defendants "directly" or "physically" called him—which Plaintiff only does in his *brief* in any event—does not suffice. *See, e.g., Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023).[4]

Nor can lumping together and conflating the distinct "Defendants" as a single entity—like Plaintiff repeatedly did here—avoid a dismissal on this basis, as myriad courts have recognized. *See, e.g., id.* at 11, 13 (citing *Isaacs*); *Cunningham v. Politi,* 2019 WL 2519702, at *7, n.10 (E.D. Tex. Apr. 26, 2019) (dismissing TCPA case, in part, on this basis where plaintiff did not "clarify which of the … named parties made what calls," noting a "[p]laintiff cannot merely tender naked assertions without any additional factual support to distinguish one defendant's conduct from another") (citation omitted); *Charman v. Desert Lake Grp., LLC,* 2024 WL 2000640, at *4 (S.D. Cal. May 6, 2024) (ruling similarly in TCPA case, noting such allegations do not "provide adequate detail to tell

---

[4] Further, as myriad authorities cited in the Motion show, conclusory allegations as to the content of the at-issue communications alone is not dispositive on this front or enough to avoid dismissal on this basis, especially where those allegations are directly contradicted by many other conclusory allegations in the Complaint suggesting that third parties are responsible for physically placing them. *See* Dkt. 11 at 12 (citing various cases). In short, that one text allegedly said "Pinnacle Realty Advisors" is of no moment, and Plaintiff's conclusory "either/or" pleading tactic cannot save him.

which defendant did what alleged wrong"); *Hamilton v. El Moussa*, 2020 WL 2614625, at \*2 (C.D. Cal. Feb. 10, 2020) (ruling similarly and dismissing); *Dobronski v. Russo*, 2024 WL 4363118, at \*5 (E.D. Mich. Sept. 30, 2024) (dismissing TCPA case, holding that the plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" was insufficient to plead any theory of liability).[5]

In this regard, Plaintiff argues that his Complaint does not lump the Defendants together, and instead "pleads a streamlined, distinct set of facts: three violations of the TCPA for one call and two text messages that occurred in two days, with clear indications of connection and knowledge, which came from Mr. McLemore with Pinnacle, his sponsoring broker, as well as that of his [supposed] company" RAM. Dkt. 21 at 9. While hardly "distinct," the threadbare allegations in his Complaint are perhaps "streamlined" only because it improperly conflates the "Defendants" throughout, ***without ever once identifying which one physically placed each of the subject communications***, as is required. *See generally* Dkt. 1. Plaintiff's Response does not show otherwise. Regardless, as discussed above, Plaintiff's vague argument on this point rests largely (if not entirely) on conclusory "facts" about RAM and its supposed connection to the caller, Pinnacle, and/or Mr. McLemore found nowhere in his Complaint and, therefore, it should be rejected on its face. *See Kellam*, *supra*.

**Third**, Plaintiff attempts, but fails, to distinguish a handful of the many on-point authorities cited in the Motion on direct TCPA liability, while ignoring the balance. *See* Dkt. 21 at 9-11.

For example, Plaintiff argues that "[t]his case is nothing like *Isaacs v. Keller Williams Realty, Inc.,* where the court dismissed claims against Keller Williams without prejudice because the plaintiff did 'not include allegations regarding the employment of the Agent.'" Dkt. 21 at 9 (quoting 2024 WL 2262724, at \*7 (S.D. Fla. Apr. 17, 2024)). What Plaintiff omits is that Keller Williams was

---

[5] *See also Mendoza v. J.P. Morgan Mortg. N.A.,* 2017 WL 2278250, at \*3 (S.D. Tex. June 27, 2017) (holding, in non-TCPA case, "[a] complaint does not satisfy the requirements of *Iqbal* and *Twombly* by lumping together all defendants, while providing no factual basis to distinguish their conduct").

not the only defendant in the *Issacs* case (there were four: two similarly-named "Keller Williams" entities and two other distinct differently-named corporate entities); and the magistrate recommended dismissal of the <u>entire</u> complaint (TCPA claim included) under Rule 8 as an impermissible "shotgun pleading" because it lumped together the "Defendants" without differentiating between the parties and their alleged unlawful conduct. *See* 2024 WL 2262724, at \*4-5.[6] This rule applies with equal force under Rule 12(b)(6) and warrants dismissal here, as the authorities above show. *See Politi, Lifestyles, Charman, Hamilton, Dobronski, Mendoza, supra.*

Moreover, when considering whether that plaintiff had sufficiently alleged a theory of direct or vicarious TCPA liability, and in also recommending dismissal on this basis under Rule 12(b)(6), the *Isaacs* court noted the plaintiff: (i) "repeatedly conflate[d]" two distinct corporate "Defendants" (Makai and KWRI) whom he claimed violated the TCPA, and did not identify which actually "sent" the subject texts; and (ii) did not include allegations regarding which defendant employed the actual sender (a person named "Nico" that the court simply referred to as "Agent"), "such that his text messages would possibly invoke vicarious liability as to either company." 2024 WL 2262724, at \*6-7. The *Isaacs* court also noted that the plaintiff failed to "include allegations of the relationship between Makai and KWRI such that the actions of one may implicate the other through vicarious liability." *Id.* That is what ***precisely*** happened in this case, showing that *Issacs* is on-point.[7]

Indeed, as the Motion shows, and as the Response does not refute, Plaintiff's Complaint does

---

[6] Courts in the Fifth Circuit also follow the "shotgun pleading" rule, and have routinely dismissed TCPA and other claims on that basis. *See, e.g., Cunningham v. Lifestyles Dev., LLC,* 2019 WL 4282039, at \*4, n.4 (E.D. Tex. Aug. 8, 2019), *report and rec. adopted*, 2019 WL 4277507 (Sept. 10, 2019) (TCPA case, noting that: "Shotgun complaints are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."); *see also Garig v. Travis,* 2021 WL 2708910, at \*19 (M.D. La. June 30, 2021); *Reese v. Marketron Broad. Sols.,* 2018 WL 279633, at \*2 (E.D. La. Jan. 3, 2018).

[7] Because the District Judge in *Issacs* adopted the magistrate's report and recommendation on Rule 8 grounds, it was not necessary to rule on the secondary basis for dismissal on direct/vicarious liability grounds under Rule 12(b)(6). *See* 2024 WL 2258717, at \*1 (S.D. Fla. May 14, 2024).

not identify with any plausible facts which of the two distinct named defendants or the other third parties referenced therein physically initiated the subject call or texts, and just lumps the "Defendants" and those third parties together. Dkt. 11 at 10-12. Plus, beyond one wholly conclusory allegation that RAM is a "sister" company "for other Pinnacle entities and is itself a Pinnacle entity" in the "Parties" section (Dkt. 1, ¶ 7), there is no mention of RAM anywhere else in his pleading.

Next, Plaintiff oddly states that the recommendation of dismissal on direct and vicarious liability grounds in *Belleville v. Fla. Ins. Servs., Inc.* was "rejected" by the District Judge. Dkt. 21 at 9. Not true. *See* 2024 WL 2794108, at *2 (S.D. Fla. May 31, 2024) ("Defendant's Motion to Dismiss … is GRANTED for the reasons stated in the Report [and Recommendation] on the issues of direct and vicarious liability and [Article III] traceability."). Moreover, contrary to Plaintiff's suggestion (*see* Dkt. 21 at 9), the *Belleville* plaintiff did plead some "contents" of the calls at issue and tried to link the calls back to the defendant, but the court held he did not sufficiently do so. Rather, that plaintiff alleged the defendant's name was identified on two of the four calls, one caller provided the defendant's website, all the callers were calling to provide an insurance quote, the calls came within a few days of each other, two callers had "similar" numbers, and they all began with the "same sales pitch." 2024 WL 2342337, at *4-5 (S.D. Fla. May 23, 2024). Citing many of the same authorities in the Motion at bar, the *Belleville* court found that these allegations were too attenuated to support a direct TCPA liability theory. *Id.* at *6. Here, as the Motion shows, Plaintiff complains of two or possibly three communications (*see* Dkt. 11 at 10, 13 & n.10), only one of which identified Pinnacle, one of which was from a Massachusetts area code where neither Defendant is located, and none identified RAM. Yet, his Complaint repeatedly pleads that either one or both of the "Defendants" or countless third parties physically initiated them. These allegations are even more attenuated and conclusory than those rejected in *Belleville*, and Plaintiff cannot have it both ways. Either Pinnacle

physically called/texted him directly or it did not. Clearly he is just throwing darts at a dart board.[8]

**Fourth**, Plaintiff's few relevant cited authorities on this front are inapposite and do not compel a different result. For example, Plaintiff relies heavily on *Cunningham v. Watts Guerra, LLP,* 2024 WL 3100773 (W.D. Tex. May 23, 2024), which has not been cited by any court to date, does not cite any relevant TCPA cases for its holding on direct and vicarious liability, and stands in stark contrast to the majority of decisions in this Circuit and nationally on these points, cited in the Motion and above (among others). With all respect to Magistrate Bemporad, *Watts* is an outlier decision.

Plaintiff also notes, with no analysis, that "the Court that decided *Direct Building Supplies* [cited in the Motion at pages 10 and 14] later rejected *a nearly identical motion filed by Defendant Pinnacle's counsel here* on the basis of that case." Dkt. 21 at 11 (emphasis original, citing *Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762 (E.D. Pa. Apr. 4, 2022)). Plaintiff's argument and reliance on *Smith* is also misplaced. Indeed, not only is it clearly just another outlier case, but also the *Smith* court misapplied and seemingly conflated the standards for pleading "traceability" for ***Article III standing*** purposes under Rule 12(b)(1) with the standards for pleading direct and vicarious TCPA liability under Rule 12(b)(6), which are distinct legal concepts with different pleading requirements; thus it was wrongly decided. *See* 2022 WL 1003762, at *1–2 (ruling on the "Traceability of Calls to Defendant" and holding alleging the at-issue calls were made "by or on behalf" of defendant was sufficient, but not applying "direct" or "vicarious" TCPA liability standards). *Cf. Bank v. GoHealth, LLC,* 2021 WL 2323282, at *6–12 (E.D.N.Y. Mar. 8, 2021), *report*

---

[8] While Plaintiff also takes issue with Pinnacle's citations to *Frank*, *Brownlee, Daybreak, Woodard*, *Doyle*, and *Direct Building Supplies* (*see* Dkt. 21 at 10-11), those were primarily cited for the simple (and undisputed) legal proposition that plaintiffs must do more than parrot the statutory text or case law, and must plausibly allege each defendant's direct liability for each call at issue (*i.e.*, that it physically made each), to survive dismissal on this basis. And like in those cases, Plaintiff alleges "in the same breath" here that either Pinnacle or RAM or third parties physically sent the communications at issue. Such an "either/or" pleading approach to TCPA claims has been rejected by countless courts. *See* Dkt. 11 at 12, 14. This Court should join them.

*and rec. adopted,* 2021 WL 1884671 (May 11, 2021) (call deemed "traceable" to defendant for Article III standing but dismissing for failure to allege direct or vicarious liability, holding: "while the allegations against GoHealth may not be enough to eventually establish [direct or vicarious TCPA] liability on the part of GoHealth …, they suffice[d] to allege that plaintiff's injury is traceable to the defendant") (internal citations omitted). In short, *Smith* likewise is of no moment here.

**Fifth**, Plaintiff cites various cases with no analysis (many of which have a different procedural posture and do not even involve a ruling on a Rule 12(b)(6) motion), and boldly proclaims that "[a] litany of other courts has [*sic*] agreed and applied nearly identical reasoning in applying direct and vicarious liability to circumstances similar to those here, where goods are sold through brokerages or multiple parties are involved in the sales process." Dkt. 21 at 5, 7 (citing, *inter alia, Nater*, *Havassy*, *Wallace*, *Hayhurst*).[9] Those decisions are inapposite too, primarily because the only issue at bar was whether the plaintiffs had sufficiently plead ***vicarious*** TCPA liability to the extent that the subject calls were physically initiated by a third party, not the defendants. Per his Response, Plaintiff purports to be asserting ***only*** a "direct" liability theory here. *See* Dkt. 21 at 1, 8, 11-13.

## IV.    Plaintiff's Remaining Counterarguments Likewise Fail.

Though local briefing limits do not permit Pinnacle to fully address all of them here, the remaining counterarguments in the Response fall flat and should be rejected. As to the key failings:

**First**, as to whether Plaintiff qualifies as a "residential telephone subscriber" under the

---

[9] While Plaintiff cites it heavily, *Havassy* is a personal jurisdictional decision under Rule 12(b)(2), where the court could and did consider outside facts, and does not discuss the standards for pleading direct TCPA liability. Moreover, in the same string of citations, Plaintiff also cites one post-trial standing decision (*Golan*), one class certification decision (*Bumpus*), and four summary judgment decisions (*Worsham, Hossfeld, Chinitz,* and *McMorrow*), all of which are plainly inapplicable to a Rule 12(b)(6) motion. And as to *Worsham* in particular, Plaintiff not only misconstrues the holding (indeed, the decision does not stand for the proposition that "under the TCPA, an entity can 'make' a call through another" for direct liability purposes, as Plaintiff suggests), but also it was the *plaintiff* who moved for summary judgment on direct and vicarious liability grounds in that case, and he *lost*.

TCPA, his Response and Complaint reference and rely on the definition of "residential subscriber" in the FCC's common carrier regulations in 47 C.F.R. § 64.2305(d). *See* Dkt. 21 at 16; Dkt. 1, ¶ 19. However, that regulation is <u>not</u> part of the ***TCPA*** and, in any event, it does not obviate Plaintiff's obligation to plead plausible facts demonstrating his number is ***actually used*** for "residential" purposes. *See Kemen v. Cincinnati Bell Tel. Co., Inc.*, 2023 WL 361136, at \*5 (S.D. Ohio Jan. 23, 2023) (noting this definition but still dismissing on this basis where plaintiff failed to plead such facts). Further, Plaintiff does not plead any facts in his Complaint suggesting his actual use of the subject number is consistent with that definition. Instead, he just parrots the statutory text, which is insufficient to avoid a dismissal, as many courts have found. *See* Dkt 11 at 17 (collecting cases).[10]

**Second**, as to whether he has pled receipt of a "telephone solicitation" as defined by the TCPA, Plaintiff argues Pinnacle's cited authorities are inapposite because those plaintiffs did not plead the content of the calls. *See* Dkt. 21 at 15. Plaintiff misconstrues the holdings in Pinnacle's authorities, where the plaintiff did provide call content but not apparently enough to show they fit this statutory definition beyond conclusory labels. *See* Dkt. 11 at 18-19. And though he tries to spin them otherwise, there is nothing in the texts here that expressly encouraged Plaintiff to rent, purchase, or invest in anything on their face, and instead suggest *he* solicited them. *See* Dkt. 1, ¶ 24.

**Third**, Plaintiff ignores <u>binding</u> precedent on the requirements for Article III standing to seek injunctive relief (Dkt. 11 at 20), and does not show where he pleads any facts that he is at imminent risk of future injury from Pinnacle. *See* Dkt. 21 at 19-20. That is because none exist.

---

[10] Plaintiff misconstrues some of Pinnacle's cited authorities in this regard while ignoring or glossing over the balance (*see* Dkt 21 at 17), and his cited authorities (*see id.* at 15-17 (citing *Huber*, *Izor*, *Gill*, *Rosenberg*, *Becker, Tsolumba*)) are easily distinguishable. For starters, each decision stands in stark contrast to the vast weight of applicable authority on this front, cited in the Motion and above, showing that a TCPA plaintiff must plead sufficient non-conclusory facts supporting the actual "residential" use of their number to avoid dismissal of a TCPA DNC claim under Rule 12(b)(6). Moreover, the defendants in *Izor and Tsolumba* apparently argued that all cellular phones ***categorically*** are not "residential" lines, which is <u>not</u> what Pinnacle's Motion argues in this case.

Dated: January 29, 2025          Respectfully submitted,

By: */s/ Leoncio A. Gil, III*

**C. BRENTON KUGLER**
Texas State Bar No. 11756250
brent.kugler@solidcounsel.com
SCHEEF & STONE, L.L.P.
500 North Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200 - Telephone
(214) 706-4242 – Facsimile

And

**LEONCIO A. GIL, III**
Texas State Bar No. 24094204
leon.gil@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 – Telephone
(214) 472-2150 – Facsimile

And

**JOHN W. MCGUINNESS**
jmcguinness@manatt.com
(*Pro Hac Vice*)
**A. PAUL HEERINGA**
pheeringa@manatt.com
(*Pro Hac Vice*)
MANATT, PHELPS &PHILLIPS,LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on, January 29, 2025, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Leoncio A. Gil, III*