IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| R'KES STARLING, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PR ADVISORS, LLC, D/B/A PINNACLE REALTY ADVISORS and RAM PROPERTIES, LLC,<br><br>Defendants. | Case No. 1:24-cv-00991-RP |

**Joint Federal Rule of Civil Procedure 26(f) Report**

Pursuant to Fed. R. Civ. P. 26(f), W.D. Tex. Loc. R. CV-16, and the Court's Order of February 7, 2025 (*see* Dkt. 27), Plaintiff R'Kes Starling ("Plaintiff") and Defendants PR Advisors, LLC, d/b/a Pinnacle Realty Advisors ("Pinnacle") and RAM Properties, LLC (individually, "RAM" and collectively with Pinnacle, the "Defendants"),[1] through their respective undersigned counsel, have conferred and respectfully submit this joint Rule 26(f) report. The Parties advise that they have not reached an accord with respect to a discovery schedule, as discussed below.

1. **What are the causes of action, defenses, and counterclaims in this case?**

   **What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

   **Plaintiff**: The Plaintiff has pled a single cause of action alleging violation of the Telephone

---

[1] "Defendants" are referred to collectively herein only for convenience purposes, and not as a concession that they are properly named or conflated as one entity. Plaintiff and Defendants are collectively referred to herein as the "Parties." Nothing herein should be considered as waiving or conceding the Parties' arguments with respect to Defendants' pending motions to dismiss the complaint, arbitral rights, or the right to seek or oppose a motion to stay or bifurcate discovery.

Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which occurs when an individual receives two or more calls on their telephone line in a 12 month period after their number has been listed on the National Do Not Call Registry for at least 30 days.

**Defendants**: Defendants dispute these allegations, that Plaintiff has Article III standing to bring such a claim, or that the case is capable of or appropriate for class treatment. Defendants contend that Plaintiff's claims are wholly without merit (both legally and factually), contend that Plaintiff's Complaint is fatally deficient, and deny that they violated the TCPA or any laws. Defendants also dispute that Plaintiff has accurately described the elements of his asserted cause of action. More accurately, the TCPA's "Do Not Call" ("DNC") rules that Plaintiff invokes together and in pertinent part prohibit, *inter alia*, the "initiat[ion]"of more than one "telephone solicitation" phone call or text message "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Defendants have moved to dismiss the Complaint on various grounds (*see* Dkts. 11, 14, 24, and 25), and Plaintiff has opposed (*see* Dkt. 21), and therefore Defendants have not yet answered and thus have not asserted any affirmative defenses or counterclaims. Defendants reserve all available defenses and the right to bring counterclaims.

2. **Are there any outstanding jurisdictional issues?**

    **Plaintiff:** There are no jurisdictional issues as there is federal question jurisdiction with the TCPA. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

    **Defendants**: Defendant disputes that this Court has proper federal subject matter jurisdiction to the extent Plaintiff lacks standing under Article III of the U.S. Constitution to bring a TCPA claim or to seek injunctive relief.

3. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be**

    **dismissed?**

There are no unserved parties.

4. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

None at this time.

5. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

6. **Are there any issues about preservation of discoverable information?**

<u>Plaintiff</u>: The Plaintiff is not aware of the Defendants' efforts to ensure discoverable information is being preserved. Defendants are evidently taking the position that they did not send any of the subject text messages, despite their being named on them. Plaintiff reserves the right to seek any and all appropriate remedies if it is revealed that the Defendants sent the text messages and calls at issue and nevertheless failed to preserve such information.

<u>Defendants</u>: Defendants are unaware of any evidence preservation issues. Defendants also dispute that Plaintiff is accurately stating Defendants' "position" or the arguments made in their motions to dismiss. Defendants likewise reserve the right to seek any and all available remedies to the extent Defendants learn that Plaintiff failed to preserve or destroyed evidence.

7. **Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

<u>Plaintiff:</u> In order to be evaluated by an expert witness, records of calls and text messaging ought to be produced natively.

**Defendants**: Defendants are unaware of any issues about disclosure or discovery of electronically stored information at this time. Defendants submit that electronically stored information should be produced either in PDF format or natively, with metadata.

8. **What are the subjects on which discovery may be needed?**

**Plaintiff**: Plaintiff seeks discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA; (4) Defendants' affirmative defenses, such as any consent to make the calls or send the messages at issue; (5) Defendants' negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendants' relationship with any third parties that may have relevant information surrounding this matter.

**Defendants:** Though Defendants believe that discovery should be stayed during the pendency of their motions to dismiss for the sake of judicial and party economy as further discussed below, Defendants advise that, if or when discovery proceeds in this matter, Defendant anticipates taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules, including but not limited to discovery concerning Plaintiff's claims and Defendants' defenses, expert discovery, and third-party discovery. Defendants also anticipate taking discovery with respect to Plaintiff's electronic devices and the uses thereof, as well as discovery of Plaintiff's internet and phone records and all issues relating to class certification, including whether Plaintiff would be an adequate class representative.

9. **Have initial disclosures been made?  If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The Parties have not yet exchanged Rule 26(a) initial disclosures. As further discussed

below, Defendants contend that all discovery should be stayed during the pendency of their dispositive motions or, alternatively, bifurcated. Plaintiff opposes a stay or bifurcation.

10. **What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

   <u>Plaintiff</u>: There is no need to phase or limit discovery, and discovery has just begun and is in its early stages, focused initially to the topics outlined in section 9 above. Plaintiff's proposed discovery schedule is attached hereto as **Exhibit A**.

   The Plaintiff opposes any discovery stay or bifurcation of discovery. Defendants have moved to limit discovery to the merits of Plaintiff's individual claims and asks the Court to allow for discovery addressing class certification and class merits only if Plaintiff's individual claims succeeds. However, in this consumer class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. 227, the Defendants doesn't rely on anything unique of dispositive about the Plaintiff's claims that support bifurcation. Furthermore, Defendants has not provided any information to identify how Defendants' other telemarketing calls were made in a materially different way than that of the Plaintiff's. As such, the Court should deny the request because Defendants' proposal is unfair, unworkable, and inefficient. Indeed, faced with a nearly identical motion, another denied the request in another TCPA case in 2023:

   > The Court has reviewed the parties' joint status report [10]. The Court does not see a need to bifurcate discovery in this case. There will be some overlap in discovery here. Discovery as to commonality and typicality under Rule 23 will also apply to the merits of the claim. Moreover, the Supreme Court in Walmart v Dukes has said the district court must conduct a rigorous analysis in determining class certification and that will often require some evaluation about facts that go to the merits of a plaintiff's underlying claims. Thus, bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred.

5

*See Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). The Court should decide the same here. Indeed, as the Fifth Circuit Court of Appeals has cautioned, "Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in exceptional circumstances." *See McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.,* 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

District courts have broad discretion to control discovery. *Crawford—El v. Britton*, 523 U.S. 574, 598-99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). However, as stated above, "Although within a district court's discretion, the Fifth Circuit has instructed bifurcation is only appropriate in exceptional circumstances." *See McDaniel v. Anheuser-Busch, Inc.,* 987 F.2d 298, 304 (5th Cir. 1993) ("Separation of issues, however, is not the usual course that should be followed."). As part of that caution, the "issue to be tried separately must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Laitram Corp. v. Hewlett-Packard Co.,* 791 F. Supp. 113, 115 (E.D. La. 1992) (quotation cleaned up) (quoting *Swofford v. B & W, Inc.,* 336 F.2d 406, 415 (5th Cir. 1964)).

Indeed, bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here. To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions, and then expert disclosures and expert depositions, all limited just to the merits of

6

Plaintiff's individual claims. Then, defendant files a dispositive motion limited to the merits of Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on the single class certification issue of the Defendant's choosing (commonality). And after that, there would be a second round of dispositive motions on the class claims. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy. Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. *See ibid* (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.")

Apart from the duplication of discovery outlined above, Defendants' proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff' individual claims and issues of class certification. Indeed, "[class certification] analysis will frequently entail overlap with the merits of the Plaintiff' underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal

7

issues comprising the Plaintiff' cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted). *Lakeland Reg'l Med. Ctr. v. Astellas US*, LLC, 2011 U.S. Dist. LEXIS 16684, *4 (M.D. Fla. 2011) ("the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine.") Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A) ("Active judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'")

For instance, are Defendants' communications and process for complying with the TCPA in general class discovery or merits discovery? Is Defendants' record and process it presumably intends to assert led to the purported consent for the calls class discovery or merits discovery? Given this overlap, bifurcation would "belie principles of judicial economy, as the Court may be forced to spend time and resources resolving discovery disputes over what is 'merit' discovery as compared to 'class' discovery." *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004); (citing *In re Hamilton Bancorp. Inc. Securities Litigation*, 2002 WL 463314, at *1 (S.D. Fla. Jan. 14, 2002) (noting that 'bifurcation of discovery may well-increase litigation expenses by protracting the completion of discovery, coupled with endless disputes over what is 'merit' versus 'class' discovery').

The inevitable disputes about what qualifies as merits vs. class discovery is thus a second reason to deny the request for bifurcation. As another Court held while denying a similar request for bifurcation of discovery:

> In fact, bifurcation would have the opposite effect. Much of the discovery sought appears [*7] relevant to both the class and individual claims, including documents concerning Plymouth's telemarketing scripts, policies, contracts, practices and procedures, complaints received, investigations of those complaints and audits of third-party providers, as this information is relevant to the issues of both vicarious liability for third-party conduct and willfulness. *Accord* DE [25] (Defendant

8

> arguing that it has a "strong defense" because it cannot be held "vicariously liable" for the conduct at issue as it relates to Plaintiff and recognizing the difference in recovery for a "willful" violation of the statute).

*Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106 (JMA) (SIL, 2016 U.S. Dist. LEXIS 6778, at *6-7 (E.D.N.Y. Jan. 12, 2016). Indeed, another Court found the same when denying a motion to bifurcate in a TCPA case in *Cardenas v. Resort Sales by Spinnaker, Inc.,* 2021 U.S. Dist. LEXIS 34923, *6-7 (D. SC.):

> The Court finds highly instructive Ahmed v. HSBC Bank USA, Nat'l Assoc., No. EDCV15057FMOSPX, 2018 U.S. Dist. LEXIS 2286, 2018 WL 501413 (C.D. Ca. Jan. 5, 2018). In Ahmed, a TCPA action, the court denied the defendant's motion to bifurcate discovery. The court found that bifurcation could lead to undue delay and could encourage gamesmanship by the defendant in responding to plaintiff's discovery requests. The Ahmed court reasoned:
>
> In light of [Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011)] and the "rigorous analysis" requirement for class certification, many courts "are reluctant to bifurcate class-related discovery from discovery on the merits." This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst. Separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." For example, bifurcation often creates unnecessary gaps in the evidence as a defendant has a strong incentive to withhold evidence even if such evidence "overlap[s] [*7] with the merits of the plaintiff's underlying claim" or "involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."
>
> In addition to "rais[ing] a slew of issues," "[a]rbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes." For example, even if the class is not certified, the case will still continue and the discovery produced during the course of the case will be relevant and useful for the remainder of the case.

This Court should find the same.

**Defendants:** Defendants dispute Plaintiff's position above, and contend that all discovery should be temporarily stayed until the Court rules upon Defendants' dispositive motions (*see* Dkts. 11, 14, 24, and 25) for the sake of judicial and party economy or, alternatively, that discovery should be bifurcated between the merits of Plaintiff's individual claims and the

9

claims of the putative class members, also for the sake of judicial economy. As such, Defendants intend to submit a formal Rule 26(c) motion for protective order to stay or alternatively to bifurcate discovery contemporaneously herewith, and respectfully request that the Court refrain from entering a scheduling order until it can consider and rule upon same.

For present purposes, Defendants summarize their positions in this regard as follows:

As Defendants' forthcoming motion will demonstrate, and as the Court is aware, this Court indisputably has broad discretion under Fed. R. Civ. P. 26(c) to control its docket, including the power to stay discovery where a pending dispositive motion reveals arguments that could entirely dispose of the case and raises pure legal questions that do not require discovery prior to ruling on the motion. *See, e.g., Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987)); *Whittington v. Mobiloil Fed. Credit Union*, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018). Along these lines courts in the Fifth Circuit—including in this District—have consistently found good cause under Rule 26(c) to stay discovery during the pendency of a dispositive motion where, as here, the motion may dispose of the entire case, thus obviating the need for costly discovery. *See, e.g.*, *Ohio Cas. Ins. Co. v. Gre3n, LLC,* 2024 WL 3205377, at *1 (M.D. La. June 27, 2024); *Armstrong v. Cumberland Acad.*, 2021 WL 2784296, at *2 (E.D. Tex. Mar. 22, 2021); *J.A. b/n/f Alvarez v. Texas Educ. Agency*, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 3672224, at *3 (E.D. Tex. Feb. 11, 2016), *aff'd*, 938 F.3d 724 (5th Cir. 2019); *McAllen Anesthesia Consultants, P.A. v. United Healthcare Servs., Inc.*, 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015); *McPeters v. LexisNexis*, 2011 WL 13253446, at *1–2 (S.D. Tex. Oct. 5, 2011); *Est. of Brown v. Ogletree*, 2011 WL 13318528, at *1–3 (S.D. Tex. Sept. 14, 2011); *Tostado v. Citibank (S. Dakota), N.A.*, 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009); *Rio Grande Royalty Co. v. Energy Transfer Partners,*

*L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); *Von Drake v. Nat'l Broad. Co.,* 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004). Such is true for Defendants' pending motions to dismiss in the present case (which undoubtedly have merit, are well-supported with applicable case law, and will be fully case dispositive if granted) and, thus, the Court should order a temporary discovery stay here until after it rules on said motions. Moreover, given that this case is in its early stages, a stay would not prejudice Plaintiff or the putative class members, and would further conserve judicial resources by avoiding costly discovery disputes that are likely to be unnecessary. By stark contrast, Defendants will suffer hardship if forced to engage in costly discovery (particularly class discovery, as to which Defendants will most certainly bear the most burden and expense) that may and will likely all be rendered moot by Defendants' motions to dismiss. In sum, there is certainly "good cause" for this Court to enter a protective order under Rule 26(c) temporarily staying discovery during the pendency of the Defendants' motions to dismiss.

Alternatively, should the Court not enter a temporary discovery stay, or should discovery proceed at all, the Court should nevertheless bifurcate discovery between Plaintiff's individual claims and the claims of the putative class members, also for the sake of judicial economy, so the parties can resolve Plaintiff's individual claims first before moving on to much more costly class discovery, if at all. As one court noted, "[i]n cases asserting both individual liability and potential class action claims under the TCPA, courts have [often] bifurcated discovery 'where narrow, potentially dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). Countless federal district courts throughout the country have ruled similarly (including in cases brought by the same counsel representing Plaintiff here), recognizing that bifurcated discovery in TCPA cases

11

in particular such as this is often more efficient for all concerned. *See, e.g., Moore v. Demand Science Grp, LLC,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Scoma Chiropractic, P.A. v. Jackson Hewitt Inc.*, 2017 WL 2733758, at *1–3 (M.D. Fla. June 26, 2017); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015); *Degutis v. Fin. Freedom, LLC*, 2013 WL 10207621, at *1–2 (M.D. Fla. Oct. 18, 2013); *Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. 2012); *Mitchell v. Indus. Credit Corp.*, 898 F. Supp. 1518, 1521 (N.D. Ala. 1995). Such is true in this case, contrary to Plaintiff's arguments above. For example, if discovery reveals that Plaintiff lacks Article III standing, did not properly register the subject phone number on the Registry, does not qualify as a "residential telephone subscriber," or did not receive any actionable "telephone solicitation" (among other discovery issues unique to Plaintiff's individual claim, for which no class discovery is needed), it would necessitate the dismissal of the entire case. *See, e.g., Burks v. Arvest Bank*, 2006 WL 3512478, at *2 (E.D. Ark. Dec. 6, 2006) ("Since the Court has dismissed the sole named Plaintiff's individual claims, the Court must dismiss the class allegations as well…."). In short, bifurcated discovery in TCPA cases is common place and mutually beneficial for all.

To be clear, while Defendants acknowledge that bifurcated discovery may not be appropriate in *all* cases, this is not a routine "merits" versus "class" bifurcation request. Rather, Defendants seek to focus on narrow issues that are unique to Plaintiff's individual TCPA claims for which no class discovery would be necessary, for efficiency purposes. Indeed, as one court aptly held when granting such a reasonable request in a TCPA case, "bifurcating discovery into two phases"—*i.e.,* limited

discovery into Plaintiff-specific issues for a short period of 90 days (for example), followed by class discovery if Plaintiff's individual claim manages to survive summary judgment—"will promote the efficient resolution of this matter" and "will cause no significant prejudice to Plaintiff" or duplicative effort here. *Newell,* 2020 WL 13568762, at *3. *See also Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] "discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1). Defendant's forthcoming Rule 26(c) motion will demonstrate how all this rings especially true in the present case.

Along these lines, Defendants respectfully submit in the alternative that, if it does not grant a stay, the Court should enter the following bifurcated discovery schedule (*see* **Exhibit B** attached):

- Discovery as to the merits of Plaintiff's individual claims to proceed for a period of ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order (no class discovery allowed during this period);

- Opening summary judgment motions as to the merits of Plaintiff's individual claims be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions; and

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendants further propose that either (i) class discovery resume only after the initial discovery period on Plaintiff's individual claim, or (ii) the Court set a further case management conference, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims to order to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines. (Defendants submit that the latter is what courts have typically done when bifurcating discovery in TCPA cases.)

11. **What, if any, discovery disputes exist?**

None at this time with respect to any specific discovery requests. The Parties dispute whether discovery should be stayed or bifurcated.

12. **Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

The Parties may file a proposed Protective Order, which may include clawback and confidentiality protections under the Federal Rules, at the appropriate juncture.

13. **Have the parties discussed early mediation?**

The Parties have discussed settlement, but Plaintiff does not believe an early mediation will be productive. Defendants would be amenable to an early mediation.

14. **Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

These issues are addressed above. Beyond the foregoing, there are no other issues requiring judicial intervention at this time.

Dated: February 21, 2025                          Respectfully submitted,

                                                  By: /s/ Andrew R. Perrong

                                                  Andrew Roman Perrong
                                                  **Perrong Law LLC**
                                                  2657 Mount Carmel Avenue
                                                  Glenside, PA 19038
                                                  215-225-5529
                                                  Fax: 888-329-0305
                                                  Email: a@perronglaw.com

                                                  *Counsel for Plaintiff*

By: /s/ Leoncio A. Gil, III (with permission)

**C. BRENTON KUGLER**
Texas State Bar No. 11756250
brent.kugler@solidcounsel.com
SCHEEF & STONE, L.L.P.
500 North Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200 - Telephone
(214) 706-4242 – Facsimile

And

**LEONCIO A. GIL, III**
Texas State Bar No. 24094204
leon.gil@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 – Telephone
(214) 472-2150 – Facsimile

And

**JOHN W. MCGUINNESS**
jmcguinness@manatt.com
(Admitted *pro hac vice*)
**A. PAUL HEERINGA**
pheeringa@manatt.com
(Admitted *pro hac vice*)
MANATT, PHELPS &PHILLIPS,LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600

*Counsel for Defendant PR Advisors, LLC*

By: /s/ Yusuf Ahmad Bajwa (with permission)

**Yusuf Ahmad Bajwa**
**Lad Z. Stricker**
SANDERS BAJWA LLP
919 Congress Avenue
Suite 1305
Austin, TX 78701

512-535-5220
Fax: 512-270-5111
Email: ybajwa@sandersbajwa.com

*Counsel for Defendant RAM Properties, LLC*

**CERTIFICATE OF SERVICE**

I certify that on, February 21, 2025, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

/s/ Andrew R. Perrong