IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| R'KES STARLING, individually and behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PR ADVISORS, LLC, D/B/A PINNACLE REALTY ADVISORS and RAM PROPERTIES, LLC,<br><br>　　　　Defendants. | Case No. 1:24-cv-00991-RP |

**DEFENDANT PR ADVISORS, LLC'S
MOTION FOR PROTECTIVE ORDER TO
TEMPORARILY STAY OR BIFURCATE DISCOVERY**

Pursuant to Fed. R. Civ. P. 26(c), PR Advisors, LLC, d/b/a Pinnacle Realty Advisors ("Pinnacle") hereby respectfully moves for a protective order (i) temporarily staying all discovery in the above-captioned matter, until such time that the Court rules on the Defendants' pending dispositive motion (*see* Dkt. 11, "Motion to Dismiss"[1]), or (ii) alternatively, bifurcating discovery between Plaintiff's individual and the putative class members' claims, all for the sake of judicial and party economy. In support, Pinnacle submits the following incorporated memorandum of law.

## INTRODUCTION

In his threadbare Complaint, Plaintiff R'Kes Starling ("Plaintiff") attempts, but fails, to assert a plausible claim for relief under the Telephone Consumer Protection Act ("TCPA") with requisite supporting facts. The Motion to Dismiss shows his claim is fatally flawed and ripe for a complete dismissal on several well-supported legal bases. As such, there is simply no valid reason why the parties or this Court should be burdened with conducting any costly and time consuming fact discovery (let alone broad class discovery) and resolving inevitable discovery disputes while that dispositive motion is pending, the need for which would be obviated should the Court dismiss Plaintiff's facially-deficient Complaint. Federal courts routinely stay discovery under Rule 26(c) in such instances for the sake of judicial and party economy. This Court should too.

Alternatively, should the Court not enter a temporary discovery stay (or if discovery proceeds at all), it should nevertheless bifurcate discovery between Plaintiff's individual claims and the claims of the putative class members, also for the sake of efficiency, so that the parties can resolve Plaintiff's individual claims first before moving on to much more costly class discovery, if at all. As one court recently noted, "[i]n cases asserting both individual liability and potential class action claims under the TCPA, courts have bifurcated discovery 'where narrow, potentially

---

[1] The Motion to Dismiss is fully briefed and was joined by Defendant RAM Properties, LLC ("RAM"), a separate party unrelated to Pinnacle. *See* Dkts. 11, 14, 21, 24, and 25. For convenience purposes, Pinnacle and RAM may be referred to herein collectively as "Defendants."

1

dispositive, issues can be decided at the outset of a case prior to costly class discovery.'" *Fania v. Kin Ins., Inc.*, 2024 WL 2607303, at *2 (E.D. Mich. May 24, 2024) (quoting *Pavelka v. Paul Moss Ins. Agency, LLC,* 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023)). Such is quite true here.

## ARGUMENT

### A. This Court Has Broad Discretion to Temporarily Stay Discovery Here Pending a Ruling on Pinnacle's Fully-Briefed Dispositive Motion.

It is well accepted that federal district courts have broad discretion to control their dockets, including to enter protective orders limiting the scope or governing the timing of discovery under Fed. R. Civ. P. 26(c). *See, e.g.*, *Clinton v. Jones,* 520 U.S. 681, 706 (1997); *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (citing *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir.1987)); *Whittington v. Mobiloil Fed. Credit Union*, 2018 WL 4278503, at *1 (E.D. Tex. Apr. 5, 2018); *see also* Fed. R. Civ. P. 26(c)(1) (district courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

Along those lines, the Fifth Circuit has held that "[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus*, 833 F.2d at 583. Accordingly, courts in the Fifth Circuit have consistently found good cause under Rule 26(c) to stay discovery during the pendency of a dispositive motion where, as here, the motion may dispose of the entire case, thus obviating the need for costly discovery.[2] Pinnacle submits that there is ample good cause for such a discovery stay in this case.

---

[2] *See, e.g.*, *Ohio Cas. Ins. Co. v. Gre3n, LLC,* 2024 WL 3205377, at *1 (M.D. La. June 27, 2024); *Armstrong v. Cumberland Acad.*, 2021 WL 2784296, at *2 (E.D. Tex. Mar. 22, 2021); *Walker v. Beaumont Indep. Sch. Dist.*, 2016 WL 3672224, at *3 (E.D. Tex. Feb. 11, 2016), *aff'd*, 938 F.3d 724 (5th Cir. 2019); *McAllen Anesthesia Consultants v. United Healthcare Servs.,* 2015 WL 12839785, at *2 (S.D. Tex. July 17, 2015); *McPeters v. LexisNexis*, 2011 WL 13253446, at *1–2 (S.D. Tex. Oct. 5, 2011); *Est. of Brown v. Ogletree*, 2011 WL 13318528, at *1–3 (S.D. Tex. Sept. 14, 2011); *Tostado v. Citibank,* 2009 WL 4774771, at *1 (W.D. Tex. Dec. 11, 2009); *Rio Grande Royalty Co. v. Energy Transfer Partners,* 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); *Von Drake v. Nat'l Broad. Co.,* 2004 WL 1144142, at *1–2 (N.D. Tex. May 20, 2004); *Baldwin v. Off. of Injured Emp. Couns.*, 2019 WL 13254070, at *1 (W.D. Tex. Sept. 5, 2019).

### B. The Pending Motion to Dismiss Demonstrates that the Complaint is Facially Deficient and Ripe for Dismissal in its Entirety on Multiple Grounds.

For starters, even a cursory review of the Motion to Dismiss shows that it is well-supported by ample legal authority and undoubtedly has merit, and could be fully dispositive. Specifically, the Motion to Dismiss demonstrates there are multiple well-supported grounds on which to dismiss Plaintiff's Complaint in its entirety under Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), including, *inter alia*, that Plaintiff (i) does not plausibly allege facts, in accordance with well-settled federal pleading standards and applicable precedent, supporting an inference that Pinnacle or RAM itself "physically" initiated each of the at-issue communications directly to him, as required to plead direct TCPA liability; (ii) does not plead facts supporting an inference that Pinnacle or RAM had a common law agency relationship with a third party who did physically initiate the purported calls, as is required for vicarious TCPA liability; (iii) does not plead sufficient facts supporting the other essential elements of his claim under the TCPA's "Do-Not-Call" ("DNC") provisions;[3] (iv) does not plead facts showing there has been a "knowing" or "willful" violation of the TCPA, supporting his request for treble damages; and (v) fails to plead facts suggesting he is at an imminent risk of future injury, so as to have Article III standing to seek injunctive relief. *See generally* Dkt. 11. Thus, if granted, the Motion to Dismiss will be fully case dispositive on all issues, or at least may dramatically alter the nature and scope of this case (and thus the scope of discovery). This alone justifies entering a discovery stay. *See, e.g., Armstrong*, 2021 WL 2784296, at *2 (granting stay pending ruling on motion to dismiss); *Walker*, 2016 WL 3672224, at *3 (same); *Tostado, supra.*

### C. Pinnacle and RAM Will Suffer Hardship Absent a Discovery Stay.

The Fifth Circuit has also held that "[d]iscovery is not justified when cost and

---

[3] The TCPA DNC rules he invoked, in pertinent part, prohibit the "initiat[ion]" of more than one "telephone solicitation" phone call or text message "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

3

inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990). Such is also true in this case. Indeed, both Pinnacle and RAM will suffer an unwarranted hardship absent a stay, because each will be forced to engage in individual and class discovery, which may all be rendered moot by the Court's ruling on the Motion to Dismiss.

Moreover, broad nationwide class claims like Plaintiff's in the present case typically lead to significant class discovery, thereby multiplying the Defendant's burden and increasing expenses considerably. Realizing that this is patently unfair, district courts have routinely granted motions to stay discovery in putative class actions, recognizing the heightened burden and costs associated with responding to class discovery, which is almost entirely borne by defendants, that could be swiftly assuaged with a ruling on a meritorious dispositive motion like the Motion to Dismiss at bar. *See, e.g.*, *J.A. b/n/f Alvarez v. Texas Educ. Agency*, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008); *Tostado*, 2009 WL 4774771, at *1; *see also* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and ***inexpensive*** determination of every action and proceeding.") (emphasis added).

As applied here, Plaintiff alleges that potential members of the proposed ***nationwide*** putative class (*see* Dkt. 1, ¶ 36) are likely to number "at least in the hundreds" (*id.* ¶ 39), which would undoubtedly increase the scope of discovery in this case, thereby leading to potentially unnecessary costs and resources in the event the Court disposes of this case upon ruling on the Motion to Dismiss. *See* Dkt. 11. Thus, for this additional reason, this Court should stay discovery.

> D. **Plaintiff Will Not Be Prejudiced by a Temporary Stay of Discovery.**

The lack of prejudice to Plaintiff further supports a discovery stay in the present case, as courts in this Circuit have found. *See, e.g., Von Drake*, 2004 WL 1144142, at *1–2 (staying discovery where plaintiff failed to show that a stay of discovery "would substantially or unduly

4

delay the litigation should his claims survive summary dismissal" or cause prejudice); *see also Dresser v. MEBA Med. & Benefits Plan*, 2008 WL 2705584, at *2 (E.D. La. July 10, 2008) (same).

Here, Plaintiff does not purport in his Complaint to have suffered any actual damages (*i.e.*, out of pocket losses) as a result of the alleged calls and, instead, seeks statutory damages under the TCPA as well as injunctive relief; therefore, Plaintiff will not suffer any financial hardship should a temporary stay be granted. *See generally* Dkt 1. Additionally, this case is still in its infancy, the parties just filed a Rule 26(f) report, and there is currently no discovery or other case management schedule in place. Consequently, a short stay will have no adverse impact on Plaintiff or the Court and, instead, may eliminate the need for, or at least properly focus, discovery pending the Court's ruling on the Motion to Dismiss. *See Dresser*, 2008 WL 2705584, at *2. There is no downside.

Moreover, "a plaintiff's entitlement to discovery prior to a ruling on a motion to dismiss is not unlimited and may be terminated when the record shows that the requested discovery is not likely to produce facts necessary to withstand judgment as a matter of law." *Dresser*, 2008 WL 2705584, at *2. As such, courts in this Circuit often grant a temporary stay of discovery during the pendency of a dispositive motion where, as here, discovery is not needed to respond to the motion. *See, e.g.*, *Armstrong*, 2021 WL 2784296, at *2; *Rio Grande Royalty Co.*, 2008 WL 8465061, at *1; *Petrus*, 833 F.2d at 583. This Court should rule similarly here, given that the Motion to Dismiss at bar raises purely legal issues which do not require discovery to form a response. *See* Dkt. 11.

Finally, Pinnacle anticipates that, in response to this motion, Plaintiff will argue that a stay could lead to lost or destroyed evidence. But myriad courts have recognized the ***mere possibility*** of unavailable evidence is a prejudice inherent in ***any*** stay in ***any*** civil case that does not defeat a motion to stay discovery. *See, e.g., Raimo v. Washington Univ. in St. Louis,* 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021); *Fazio v. Lehman Bros., Inc,* 2002 WL 32121836, *3 (N.D. Ohio May

5

16, 2002); *Mestas v. CHW Grp. Inc.,* 2019 WL 5549913, at *2 (D.N.M. Oct. 28, 2019); *Canady v. Bridgecrest Acceptance Corp.,* 2020 WL 5249263, at *4 (D. Ariz. Sept. 3, 2020). In short, that evidence *could* be lost or destroyed is of no moment and not a basis to deny entering a stay here.

### E. Should Discovery Proceed or Should Pinnacle's Motion to Dismiss Be Denied, in Whole or in Part, The Court Should Bifurcate Discovery.

Should the pending Motion to Dismiss not be granted or should the Court wish to proceed with discovery anyway while that motion is still pending, Pinnacle submits that discovery should be bifurcated between individual and class discovery, as doing so would be much more efficient.

#### 1. Bifurcated Discovery Would Be Appropriate, as There are Narrow Case-Dispositive Issues Unique to Plaintiff's Individual TCPA Claims that Can Be Efficiently Resolved without Class Discovery.

Federal district courts also commonly bifurcate discovery for efficiency purposes, in TCPA cases and in others, so that the parties can focus first on the plaintiff-specific discovery necessary for the court to address the merits of the named plaintiff's claims first before addressing class certification issues. *See, e.g., Whittington*, 2018 WL 4278503, at *1. In fact, federal district courts *routinely* grant motions to bifurcate discovery in putative TCPA class action cases like this one in particular, recognizing that it is often more efficient for all concerned to do so.[4] As one such court aptly noted on this front, "any prejudice to Plaintiff [because of bifurcation] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that Pinnacle and RAM will face. *Newell v. Aliera Healthcare, Inc.,* 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (citing *Physicians Healthsource, Inc. v. Janssen Pharmaceuticals, Inc.*,

---

[4] *See e.g., Fania*, 2024 WL 2607303, at *2; *Moore v. Demand Science Grp, LLC,* 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024); *Pavelka,* 2023 WL 3728199, at *3; *Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023); *Osidi v. Assurance IQ, LLC,* 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022); *Akselrod v. MarketPro Homebuyers LLC*, 2021 WL 100666, at *2 (D. Md. Jan. 12, 2021); *Mantha v. QuoteWizard.com, LLC*, 2020 WL 4369701, at *3 (D. Mass. July 30, 2020); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019); *Leschinsky v. Inter-Continental Hotels Corp.,* 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (all granting requests to bifurcate discovery in TCPA cases).

2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014)). Applying these well-settled legal principles in this TCPA case shows that bifurcated discovery is likewise appropriate for several reasons:

**First**, if bifurcated discovery reveals that Plaintiff does not have a valid TCPA claim against Pinnacle and RAM, it will necessitate dismissal of this case in its entirety. *See, e.g., Burks v. Arvest Bank*, 2006 WL 3512478, at *2 (E.D. Ark. Dec. 6, 2006) ("Since the Court has dismissed the sole named Plaintiff's individual claims, the Court must dismiss the class allegations as well…."). For example, if targeted discovery as to Plaintiff's individual claim reveals that Plaintiff, *inter alia*, (i) lacks Article III standing to the extent he did not suffer an "injury in fact," (ii) did not properly register the subject phone number on the National DNC Registry himself, (iii) does not qualify as a "residential telephone subscriber" within the meaning of the statute, or (iv) did not receive any actionable "telephone solicitation"—as Pinnacle believes that such will be true here—*any one* of these issues would be *fully* case dispositive and obviate the need for class discovery.[5]

In short, resolving the foregoing narrow dispositive issues (among other issues unique to

---

[5] *See, e.g., Cunningham v. Politi,* 2019 WL 2519568, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524736 (June 19, 2019)) (dismissing TCPA case where plaintiff did not adequately allege that he qualified as a "residential" subscriber); *Gillam v. Reliance First Capital, LLC,* 2023 WL 2163775, at *4 (E.D.N.Y. Feb. 22, 2023) (same); *Dahdah v. Rocket Mortgage LLC*, 2023 WL 5941730, at *3 (E.D. Mich. Sept. 12, 2023) (dismissing TCPA case where plaintiff did not sufficiently receipt of an actionable "telephone solicitation" within the meaning of the regulations); *Weingrad v. Top Healthcare Options Ins. Agency Co.*, 2024 WL 4228149, at *3–4 (E.D. Pa. Sept. 17, 2024) (same); *Selby v. Ocwen Loan Servicing, LLC*, 2017 WL 5495095, at *3 (S.D. Cal. Nov. 16, 2017) (dismissing TCPA case on Article III facial standing challenge where Plaintiff did not adequately plead an "injury in fact"); *Baccari v. Carguard Admin., Inc.,* 2022 WL 3213839, at *2–3 (E.D. Pa. Aug. 8, 2022) (dismissing based on Article III factual standing challenge, where defendant submitted evidence showing that it did not make or authorize the alleged calls to the plaintiff); *Hall v. Xanadu Mktg., Inc.,* 682 F. Supp. 3d 1278, 1285-1286 (N.D. Ga. 2023) (same, where evidence demonstrated the plaintiff consented); *Stoops v. Wells Fargo Bank N.A.*, 197 F. Supp. 3d 782, 797-800 (W.D. Pa. 2016) (granting summary judgment on standing grounds where discovery showed the plaintiff was a professional serial plaintiff); *Rombough v. Robert D. Smith Ins. Agency, Inc.,* 2022 WL 2713278, at *2-4 (N.D. Iowa June 9, 2022) (thoroughly analyzing § 227(c), and dismissing TCPA claim *with prejudice* under Rule 12(b)(6), and holding the "plain [statutory] language provides no distinction for a telephone number that had previously been registered on the national do-not-call registry by someone else").

Plaintiff's individual claim, for which no class discovery is needed to resolve[6]) would certainly dispose of this whole case quickly, efficiently, and still at an early stage without the need for additional expense or burden on the parties or Court—which is one of the core goals of the Federal Rules of Civil Procedure, in fact. *See* Fed. R. Civ. P. 1 ("[These rules] should be construed, administered, and employed by the court and the parties to ***secure the just, speedy, and inexpensive determination of every action and proceeding***.") (emphasis added).

Accordingly, while Pinnacle acknowledges bifurcated discovery may not be appropriate in *all* instances, this is not a routine "merits" versus "class" bifurcation request. Rather, Pinnacle merely seeks to focus on narrow issues that are unique to Plaintiff's individual TCPA claim for which no class discovery would be necessary, for efficiency purposes. Indeed, as one court held when granting such a reasonable request in a TCPA case, "bifurcating discovery into two phases"—*i.e.,* limited discovery into Plaintiff-specific issues, followed by class discovery if Plaintiff's individual claim manages to survive summary judgment—"will promote the efficient resolution of this matter" and "will cause no significant prejudice to Plaintiff" or duplicative effort here. *Newell,* 2020 WL 13568762, at *3. *See also Harris v. Shore Funding Sols. Inc.,* 2023 WL 3440077, at *5 (E.D.N.Y. Apr. 21, 2023) (finding "good cause" in a TCPA case for "limited [bifurcated] "discovery related to Plaintiff's individual claim" because "such discovery would not result in duplication of efforts or substantially overlap with class discovery" and would better serve the purposes of Fed. R. Civ. P. 1). That rings especially true in this case, as the foregoing shows.

**Second**, in stark contrast, conducting broad class discovery is not relevant or "necessary to address certain issues that may be dispositive of Plaintiff's individual claims or [his] ability to bring

---

[6] For example, it would also be fully case dispositive if discovery shows that Pinnacle and RAM are not directly or vicariously liable under the TCPA for the subject communications that Plaintiff received. *See, e.g., Cunningham v. Daybreak Solar Power*, 2023 WL 3985245, at *2-3 (dismissing TCPA case ***with prejudice*** on these bases alone).  Class-wide discovery is not needed here either.

8

the asserted class claims" against the Defendants in this case. *Osidi,* 2022 WL 623733, at *2. This includes, in particular, whether Plaintiff received more than one "telephone solicitation" as defined by the TCPA in a 12-month period physically "initiated" "by or on behalf of the same entity," whether he qualifies as a "residential telephone subscriber," or whether the subject communications were "telephone solicitations" within the meaning of the TCPA (also all dispositive issues in this case, among others, *see generally* Dkts. 1, 11 and 24), in addition to Plaintiff's Article III standing or who physically placed the each of the calls at issue for direct and vicarious liability purposes. These are all narrow issues relevant to ***Plaintiff*** and his claim, and no class discovery is needed to resolve them (and, thus, to resolve this entire case in one fell swoop).

In sum, it would be far less efficient to conduct broad class discovery here, when the narrow-bifurcated discovery Pinnacle proposes as to Plaintiff's individual TCPA claim would lead to a much quicker end to this case. That is precisely why federal courts often grant motions to bifurcate discovery in TCPA putative class actions. *See, e.g., Fania*, 2024 WL 2607303, at *2 ("In the Court's view, bifurcating discovery into plaintiff specific and class wide phases is the most efficient way to proceed with this litigation" because "the need for class discovery may be eliminated if [defendant] is able to demonstrate that Fania, the sole named Plaintiff, lacks a viable individual claim."); *see also Newell*, 2020 WL 13568762, at *3; *Akselrod*, 2021 WL 100666, at *2; *Moore,* 2024 WL 175743, at *1 (ruling similarly).  This Court should reach the same conclusion.

**Third**, good cause also exists to bifurcate discovery and deferring broader discovery in this case (i) simply because this is not a run-of-the-mill litigation but instead, as noted above, is a putative nationwide class action; and (ii) because Plaintiff will suffer no prejudice. Indeed, forcing the Defendants to respond to Plaintiff's class discovery would be and is <u>inherently</u> and highly prejudicial to them, as all that discovery could be rendered moot if individual discovery resolves

the case once his claims are dismissed. Whether he has viable individual claims can be quickly efficiently by focusing the initial discovery phase on the merits of his individual claim. And even if there were some hypothetical prejudice to Plaintiff (and there is none), "any prejudice to Plaintiff [because of bifurcated discovery] is significantly outweighed by the potential burdens and costs associated with unnecessary class action discovery" that Pinnacle and RAM will face, should narrower discovery prove he has no claim or lacks standing. *Newell,* 2020 WL 13568762, at *3.

### 2. Pinnacle Proposes a 90- to 120-Day Bifurcated Schedule, Whereby the Parties Would First Conduct Discovery on Issues Unique to Plaintiff.

Along these lines, Pinnacle proposes the following bifurcated discovery schedule:

- Discovery as to the merits of Plaintiff's individual claim to proceed for a period of either ninety (90) or one hundred twenty (120) days after entry of the Court's scheduling order;

- Opening summary judgment motions as to the merits of Plaintiff's individual claim would be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);

- Oppositions to summary judgment due thirty (30) days after service of opening motions;

- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Pinnacle further proposes that (i) class discovery resume only after the initial discovery period on Plaintiff's individual claim, or (ii) the Court set a further case management conference, at its convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claims to set (if necessary and should this case proceed) a schedule for class claim discovery and all other case management deadlines. Pinnacle submits that the latter is what courts have typically done when bifurcating discovery in TCPA cases, and would be appropriate.[7]

---

[7] Indeed, numerous courts have entered substantially similar bifurcated schedules in TCPA cases for efficiency purposes. *See, e.g., Moore,* 2024 WL 175743, at *1; *Pavelka,* 2023 WL 3728199, at *3; *Newell,* 2020 WL 13568762, at *3; *Leschinsky,* 2015 WL 6150888, at *1; *Akselrod,* 2021 WL 100666, at *2; *Katz,* 2019 WL 957129, at *2; *Mantha,* 2020 WL 4369701, at *3.

Dated:  February 24, 2025	Respectfully submitted,

By: */s/ Leoncio A. Gil, III*

**C. BRENTON KUGLER**
Texas State Bar No. 11756250
brent.kugler@solidcounsel.com
SCHEEF & STONE, L.L.P.
500 North Akard, Suite 2700
Dallas, Texas 75201
(214) 706-4200 - Telephone
(214) 706-4242 – Facsimile

And

**LEONCIO A. GIL, III**
Texas State Bar No. 24094204
leon.gil@solidcounsel.com
SCHEEF & STONE, L.L.P.
2600 Network Blvd., Suite 400
Frisco, Texas 75034
(214) 472-2100 – Telephone
(214) 472-2150 – Facsimile

And

**JOHN W. MCGUINNESS**
jmcguinness@manatt.com
(Admitted *Pro Hac Vice*)
**A. PAUL HEERINGA**
pheeringa@manatt.com
(Admitted *Pro Hac Vice*)
MANATT, PHELPS &PHILLIPS, LLP
1050 Connecticut Avenue, NW, Suite 600
Washington, D.C. 20036
Telephone: 202-585-6500
Facsimile: 202-585-6600

*Attorneys for Defendant*

11

## CERTIFICATE OF CONFERRAL

I certify that counsel for the parties met and conferred in good faith prior to the filing of the foregoing motion during the parties' Rule 26(f) conference and were not able to reach an agreement on the issues and relief sought therein. Therefore, the motion is opposed.

By: */s/ Leoncio A. Gil, III*
LEONCIO A. GIL, III

## CERTIFICATE OF SERVICE

I certify that on, February 24, 2025, a true and correct copy of the foregoing document was electronically filed with the Court's ECF system to be sent via the electronic notification system to all counsel of record in the above-captioned matter.

By: */s/ Leoncio A. Gil, III*
LEONCIO A. GIL, III